# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 17, 2015 Session

## TINO C. SUTTON v. BEDFORD COUNTY TENNESSEE SHERIFF DEPARTMENT

**Appeal from the Chancery Court for Bedford County**
**No. 30468      James B. Cox, Chancellor**

_____

## No. M2014-02575-COA-R3-CV – Filed October 19, 2015
_____

An individual who sought records from a county sheriff's department was provided the records outside the seven business day period required by the Tennessee Public Records Act. The individual, who was acting pro se, requested an award of attorney's fees and discretionary costs pursuant to Tenn. Code Ann. § 10-7-505(g).  The trial court denied the request because the individual plaintiff did not incur attorney's fees and did not incur the types of costs contemplated by Rule 54 of the Tennessee Rules of Civil Procedure.  The individual appealed, and we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Tino C. Sutton, Unionville, Tennessee, Pro Se.

Ginger Bobo Shofner, Shelbyville, Tennessee, for the appellee, Bedford County Tennessee Sheriff Department.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

Tino C. Sutton filed this appeal in an effort to obtain an award of attorney's fees and discretionary costs in a case in which he represented himself without the assistance of a

lawyer. The underlying dispute involved a request he made for records from the Bedford County Tennessee Sheriff Department (the "Department") pursuant to the Tennessee Public Records Act ("TPRA"), codified at Tenn. Code Ann. §§ 10-7-101 *et seq.*

On October 6, 2014, Mr. Sutton filed a Petition for Access to Denied Records after the Department had produced the responsive and nonexempt documents it had in its possession. The trial court held a show cause hearing in November 2014 and found the Department "has now fully responded to the Petitioner's . . . request for public records." However, the trial court determined that the Department failed to comply with Mr. Sutton's request within the statutorily mandated seven business day time period. *See* Tenn. Code Ann. § 10-7-503(a)(2)(B) (requiring custodian of public record to make requested information available within seven business days). The trial court assessed court costs against the Department because of its dilatory response, but it denied Mr. Sutton's request for attorney's fees because he was representing himself.

Mr. Sutton filed a motion following the show cause hearing in which he asked the court to award him attorney's fees and discretionary costs in the amount of $7,500. Mr. Sutton relied on the following provision of the TPRA in seeking this award:

> If the court finds that the governmental entity, or agent thereof, refusing to disclose a record, knew that such record was public and willfully refused to disclose it, such court may, in its discretion, assess all reasonable costs involved in obtaining the record, including reasonable attorneys' fees, against the nondisclosing governmental entity. In determining whether the action was willful, the court may consider any guidance provided to the records custodian by the office of open records counsel as created in title 8, chapter 4.

Tenn. Code Ann. § 10-7-505(g). Mr. Sutton submitted an affidavit in support of his motion in which he stated that he:

> reasonably alleges, contends, and believes he has reasonably dedicated and invested numerous labor hours, legal time, and legal study and research efforts expended from (5/6/2010 – 11/21/2014) into the preparation of the petitioner's 1st, 2nd, and 3rd TNPRA Requests, TNPRA Petition, Notice Documents, Subpoena, Show Cause Hearing & Motion, Interrogatory document, Exhibits, and countless other legal efforts, labor, time, and items and materials that the petitioner has submitted to the Bedford County TN Chancery Court and Clerks and Master office concerning the petitioner's current matters now before the court relevant to the petitioner's TNPRA Petition.

2

The trial court treated Mr. Sutton's motion as a request to alter or amend its earlier order pursuant to Tenn. R. Civ. P. 59.04. In a final order dated May 8, 2015, the trial court denied Mr. Sutton's request. The court wrote, in pertinent part:

> The Court finds that Petitioner has represented himself pro se throughout the course of this litigation and that an award for attorney fees under such facts is inappropriate and might result in the Court aiding and abetting in the illegal practice of law.
>
> . . . .
>
> As to the Petitioner's request for discretionary costs under TRCP Rule 54, the Court finds that it is not aware of any precedent that would allow a party to receive a monetary award for the party's own labor, time and effort expended on litigation as a discretionary cost contemplated under TRCP Rule 54.
>
> As a matter of law, the Petitioner's submitted proof for discretionary costs is insufficient as to be able to determine what amounts are at issue and might be recoverable under a Rule 54 Motion.
>
> The Petitioner's submitted proof for discretionary costs contains surplusage in that it outlines items that were included in the Court's grant of Court costs including, but not limited to, witness Subpoenas.

ANALYSIS

In reviewing a trial court's findings of fact, we review the trial court's record de novo, affording the court's findings a presumption of correctness unless the evidence preponderates otherwise. TENN. R. APP. P. 13(d); *Friedmann v. Marshall Cnty., Tenn.*, __ S.W.3d __, No. M2014-01413-COA-R3-CV, 2015 WL 4772825, at *4 (Tenn. Ct. App. June 24, 2015). We review a trial court's conclusions regarding issues of law de novo, with no presumption of correctness. *Friedmann*, 2015 WL 4772825, at *4 (citing *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000)). Statutory construction involves a question of law, so we review the trial court's interpretation of Tenn. Code Ann. § 10-7-505 de novo, with no presumption of correctness. *Id.* (citing *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009)).

Mr. Sutton was not represented by an attorney during the trial proceedings, and he is not represented by an attorney on appeal. He contends that since he represented himself, the

3

court should compensate him for his time.[1] A similar argument was made and rejected in *Clarke v. City of Memphis*, No. W2014-00602-COA-R3-CV, 2015 WL 4737607 (Tenn. Ct. App. July 23, 2015). In that case, however, the plaintiff was an attorney, and he assisted another attorney whom he hired to represent him in a TPRA case against the City of Memphis. *Id.* at *1, 7. In denying the plaintiff/attorney an award for the legal work he performed on his own behalf, the *Clarke* court wrote:

> Pursuant to the TPRA's attorneys' fees provision, "reasonable attorneys' fees" may be awarded if they are a "cost[ ] involved in obtaining the record [.]" Tenn. Code Ann. § 10-7-505(g) (2012). A "fee" is commonly defined as "[t]he charge to a client for services performed for the client[.]" *Black's Law Dictionary* 154 (10th ed. 2014). A "cost" is commonly defined as "[t]he amount paid or charged for something; price or expenditure." *Black's Law Dictionary* 422 (10th ed. 2014). Based on the language utilized in Tennessee Code Annotated § 10-7-505(g), the statute contemplates that attorneys' fees may be recovered only if they are incurred in efforts to obtain requested public records. We see no authority in the statute that would permit a self-represented litigant—even a licensed attorney such as Mr. Clarke—to recover "attorneys' fees" for personal efforts expended on a public records case. Self-represented efforts involve no costs in the form of attorneys' fees because the incurring of such fees implies an agency relationship. *See Black's Law Dictionary* 153 (10th ed. 2014) (defining an attorney as "one who is designated to transact business for another; a legal agent").

*Id.* at *7. Thus, the *Clarke* court concluded, the plaintiff/attorney was entitled to recover the fees he was charged by the attorney he hired, but he was not entitled to recover fees for representing himself. *Id.*

Similarly, Mr. Sutton is not entitled to recover attorney's fees here. Separate and apart from the fact that Mr. Sutton is not an attorney, like Mr. Clarke, Mr. Sutton did not incur any costs that could be described as attorney's fees as part of his efforts to obtain records from the Department.

We now turn to Mr. Sutton's argument that he is entitled to recover discretionary costs pursuant to Tenn. Code Ann. § 10-7-505(g). Rule 54 of the Tennessee Rules of Civil

---

[1]The Department points out that a court has discretion to award attorney's fees and costs only upon a finding of willfulness by the recordkeeper(s). We do not reach the issue of whether the Department was "willful," as that term is used in the statute, because we conclude Mr. Sutton is not entitled to attorney's fees or the particular costs he seeks in this case.

4

Procedure provides that a court may exercise its discretion to award costs for court reporter expenses, expert witness fees, interpreter fees, and guardian ad litem fees. The record does not reflect that Mr. Sutton incurred costs for a court reporter, any expert witnesses, any interpreters, or a guardian ad litem. Mr. Sutton cites no precedent to support his request that his own time and efforts should be treated as a discretionary cost, or that photocopying expenses are to be compensated pursuant to Tenn. Code Ann. § 10-7-505(g) and/or Rule 54, and we are aware of none.[2]

CONCLUSION

The trial court's judgment is affirmed. Costs of this appeal are assessed against the appellant, Tino C. Sutton, for which execution shall issue, if necessary.

_____
ANDY D. BENNETT, JUDGE

---

[2]The trial court noted that Mr. Sutton sought as a discretionary cost an amount for witness subpoenas, which it already included in its 2014 award of court costs against the Department. Mr. Sutton does not deny that the Department has already been assessed this cost.